IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In Re:

| | | |
|---|---|---|
| WILLIAM ALTMAN, II | ) | BANKRUPTCY CASE |
| | ) | NO: 19-81774-CRJ |
| | ) | |
| Debtor. | ) | |

*************************************************************************

| | | |
|---|---|---|
| | ) | |
| WILLIAM ALTMAN, II | ) | AP No: 19-80086 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED OBJECTION TO THE APPLICATION FOR ENTRY OF DEFAULT

Comes now the Defendant, United States of America ("United States") on behalf of it agency, Social Security Administration ("SSA") by and through its counsel Jay E, Town, United States Attorney for the Northern District of Alabama and files this Objection to the Application for Entry of Default filed by the Plaintiff on November 11, 2019 ("Application") (Doc 4), by William Altman, II ("Plaintiff), and in support hereof states as follows:

1. The Plaintiff filed his voluntary petition for relief under Chapter 13of the Bankruptcy Code on January 23, 2019.

2. On September 25, 2019, the Plaintiff filed his Adversary Proceeding Statement (the "Complaint"), commencing the instant action. A summons was issued to the SSA on

September 25, 2019 setting forth a response deadline of October 30, 2019.

      3.      On September 27, 2019, the Plaintiff filed a Certificates of Service (Doc. 17) and certified that a copy of the summons and a copy of the Complaint were mailed by regular, first class mail, postage pre-paid to the following:

> Social Security Administration
> 1200 Rev. Abraham Woods, Jr. Blvd .
> Birmingham, AL 35285
>
> Social Security Administration
> P.O. Box 830580
> Birmingham, AL 35282
>
> Social Security Administration
> 4970 Research Dr. NW
> Hunt sville , AL 35085

      4.      Rule 7004(b)(5) of the Federal Rules of Bankruptcy Procedure provides that service may be made by first class mail postage prepaid on an agency of the United States as follows:

> "Upon any officer or agency of the United States, by mailing a copy of the summons and complaint to the United States as prescribed in paragraph (4) of this subdivision and also to the officer or agency. If the agency is a corporation, the mailing shall be as prescribed in paragraph (3) of this subdivision of this rule. The court shall allow a reasonable time for service pursuant to this subdivision for the purpose of curing the failure to mail a copy of the summons and complaint to multiple officers, agencies, or corporations of the United States if the plaintiff has mailed a copy of the summons and complaint either to the civil process clerk at the office of the United States attorney or to the Attorney General of the United States. If the United States trustee is a trustee in the case and service is made upon the United States trustee solely as trustee, service may be made as prescribed in paragraph (10) of this subdivision of this rule.

      5.      Rule 7004(b)(4) of the Federal Rules of Bankruptcy Procedure provides that service may be made by first class mail postage prepaid on the United States as follows:

> "Upon the United States, by mailing a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which

the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or an agency of the United States not made a party, by also mailing a copy of the summons and complaint to that officer or agency. The court shall allow a reasonable time for service pursuant to this subdivision for the purpose of curing the failure to mail a copy of the summons and complaint to multiple officers, agencies, or corporations of the United States if the plaintiff has mailed a copy of the summons and complaint either to the civil process clerk at the office of the United States attorney or to the Attorney General of the United States.

6. The Plaintiff failed to properly serve the SSA in accordance with the Federal Rules of Bankruptcy Procedure. The Plaintiff only served SSA with a copy of the summons and failed to serve the United States.

7. On November 11, 2019, the Plaintiff filed the Request for Entry of Default seeking that the court enter default against SSA for its failure to respond to the Complaint by October 30, 2019.

8. SSA is diligently assessing the allegations contained in the Complaint and its defenses thereto to determine whether to answer or move to dismiss the Complaint.

9. Based upon the improper service of the summons and complaint, SSA submits that its response to the complaint has not become due.

WHEREFORE, the United States of America on behalf of its agency, the United States and its agency, the SSA respectfully requests this Honorable Court sustain the instant objection, deny Plaintiff's Application for Entry of Default, and grant such other and proper relief.

JAY E. TOWN
United States Attorney

/s/ Richard E. O'Neal
RICHARD E .O'NEAL
Assistant United States Attorney
1801 4th Avenue North
Birmingham, Alabama 35203
(205) 244-2120

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing has been served upon the following by electronic transmission and by first-class United States Mail, properly addressed and postage prepaid on this the 3rd day December 2019.

Mr. John C. Larsen
Larsen Law, P.C.
1733 Winchester Rd
Huntsville, AL 35811
Email: john@jlarsenlaw.com

Ms. Michele T. Hatcher
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602
Email: Michele.Hatcher@ch13decatur.com

                                            /s/ Richard E. O'Neal
                                            RICHARD E. O'NEAL
                                            Assistant United States Attorney